IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-0858-WJM-KMT

FRANK LARA,

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,

    Defendant.

**ORDER TO SERVE STATEMENT OF DEATH AND THIS ORDER ON PLAINTIFF'S SURVIVORS AND REPRESENTATIVES**

Plaintiff Frank Lara filed this case on April 7, 2017, bringing a single claim pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§ 51 *et seq.* ("FELA"). (ECF No. 1.) Mr. Lara alleged that while employed by Defendant from 1984 to 2014, and engaged in the furtherance of interstate commerce within the meaning of FELA, he was "exposed to various toxic substances and carcinogens," which "caused or contributed to his development of esophageal cancer." (*Id.* ¶¶ 5–7.)

On January 9, 2018, Defendant filed a Statement Noting Death pursuant to Federal Rule of Civil Procedure 25(a)(3), representing that Mr. Lara passed away on November 28, 2017. (ECF No. 33.)

On February 27, 2018, the Court issued an order denying Plaintiff's unopposed Motion to Dismiss and administratively closed the case ("the Order"). (ECF No. 38.) In the Order, the Court directed Plaintiff's counsel to deliver a copy of the Order to each of Plaintiff's known beneficiaries, any representatives of his estate, the Probate Registrar

of Weld County Combined Courts (Colo. 19th Jud. Dist.), and/or the clerk of any other court with jurisdiction over Mr. Lara's estate. (*Id*. at 4.) The Court also directed Plaintiff's counsel to file a certificate of service with this Court indicating that delivery was completed. (*Id.*)

On April 28, 2018, the Court *sua sponte* ordered Plaintiff's counsel to file a report on the status of the service ordered in the February 27 Order, an update on whether any beneficiary or representative planned to pursue Plaintiff's FELA claim, and an explanation of the belated docketing of the certificate of service. (ECF No. 39.)

On May 14, 2018, Plaintiff's counsel filed a response to the Court's April 28th order indicating that he had served the Order on Mr. Lara's widow Phyllis Lara, daughter Desiree Lara, and son Zachary Lara, as well as the Probate Registrar of Weld County Combined Courts. (ECF No. 40 at 1.) Plaintiff's counsel also stated that he had corresponded with Mrs. Lara, who stated that she did not want to pursue the action against Defendant. (*Id*. at 2.) He also stated that he did not anticipate that Mr. Lara's children would pursue the action because of the limited recovery offered by FELA to non-dependent offspring. (*Id.*) Plaintiff's counsel does not appear to represent Mr. Lara's widow or Mr. Lara's adult children. Nor does it appear that Plaintiff's counsel has contacted Mr. Lara's adult children about continuing Plaintiff's FELA claim.

Under Federal Rule of Civil Procedure 25, when a party dies and a claim is not extinguished, a motion for substitution may be made by any party or by the decedent's successor or representative. Fed. R. Civ. P. 25(a)(1). A motion for substitution must be made within ninety days after service of a statement noting the death. *Id*. If a motion is

not made within ninety days, the action must be dismissed. *Id.*

"The Tenth Circuit has interpreted Rule 25 to require service on the successors or representatives of the deceased party's estate in accordance with Rule 4." *Johnson v. Thomas*, 2013 WL 4461747 (D. Colo. Aug. 20, 2013); *see Grandbouche v. Lovells*, 913 F.2d 835 (10th Cir. 1990) (holding that the ninety-day period under Rule 25(a)(1) does not begin to run until the personal representative of a decedent's estate is served with a statement of death). The statement must be served "even if that representative has not yet been identified or appointed." *Hamilton v. Kemper*, 2018 WL 1616808 (D. Colo. Apr. 4, 2018). Rule 25's requirement of service on a personal representative can leave a case "in a curious limbo, unable to meaningfully proceed unless and until someone decides to seek appointment of a personal representative." *Id.* at *4. In *Hamilton*, Chief Judge Marcia S. Kreiger of this District recognized the potential quagmire created by Rule 25's plain language and the Tenth Circuit's interpretation. *Id*. Judge Kreiger thus ordered the remaining plaintiffs in that case to "take appropriate action" to move the case along or risk dismissal for failure to prosecute. *Id.*

The instant litigation is administratively closed subject to reopening for good cause shown. (ECF No. 38 at 4.) Plaintiff's counsel has represented that Mrs. Lara is not interested in pursuing the litigation, Mr. Lara's adult children may not want to pursue the claim, and that no personal representative will be appointed. (ECF No. 37 at 2; ECF No. 40.)

In the interest of fairness to the parties and efficient use of court resources, the Court will set a procedure for informing all potentially interested persons consistent with

Federal Rule of Civil Procedure 25, officially confirming that no person or representative plans to pursue Plaintiff's FELA claim, and, if appropriate, dismissing the action. *See Matter of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984) ("[W]e are dealing with the matter most critical to the court itself: management of its docket and avoidance of unnecessary burdens on the tax-supported courts, opposing parties or both.").

Accordingly, given the foregoing, and considering the circumstances of this case, the Court hereby ORDERS as follows:

1. Plaintiff's counsel is DIRECTED to deliver a copy of this Order (ECF No. 41) and the Statement Noting Death of Plaintiff (ECF No. 33) to each of Mr. Lara's known beneficiaries; to the representative(s), if any, of Mr. Lara's Estate; and to the Probate Registrar of Weld County Combined Courts (Colo. 19th Jud. Dist.), and/or to the clerk of any other court with jurisdiction over Mr. Lara's estate by **June 27, 2018**. After making such delivery, Plaintiff's counsel shall file a certificate of service with this Court indicating that delivery is complete within two weeks after said delivery but, in any event, no later than **July 11, 2018**;

2. If any eligible individual or representative intends to pursue Plaintiff's FELA claims, that individual or representative must file a motion for substitution under Federal Rule of Civil Procedure 25(a)(1) or otherwise inform the Court of their intention to pursue the matter within ninety days of receiving this Order and the Statement Noting Death of Plaintiff, but in any event no later than **October 9, 2018**; and

3. If no person files a motion for substitution under Federal Rule of Civil Procedure 25(a)(1) or otherwise informs the Court of an intention to pursue Plaintiff's FELA claims by October 9, 2018, the Court shall dismiss the case without prejudice for lack of prosecution. If the Court receives a filing by that date from any interested party indicating an interest in pursuing Plaintiff's FELA's claim, then at that time this action will be reopened and this litigation will proceed accordingly.

Dated this 13th day of June, 2018.

BY THE COURT:

_____
William J. Martinez
United States District Judge